IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re:<br><br>Data Security Cases Against NELNET SERVICING, LLC,<br><br>Defendant. | **MEMORANDUM AND ORDER**<br><br>4:22CV3181<br>4:22CV3184<br>4:22CV3185<br>4:22CV3186<br>4:22CV3187<br>4:22CV3188<br>4:22CV3189<br>4:22CV3191<br>4:22CV3193<br>4:22CV3194<br>4:22CV3195<br>4:22CV3196<br>4:22CV3197<br>4:22CV3203<br>4:22CV3204<br>4:22CV3207<br>4:22CV3209<br>4:22CV3211<br>4:22CV3227<br>4:22CV3241<br>4:22CV3259<br>4:22CV3267<br>8:22CV413 |

Twenty-three cases have been filed against Defendant(s) arising from an alleged data breach in 2022. The cases originally filed in other districts have now been transferred to this district and each of the above-captioned cases have been designated by this court as "related." Pursuant to NEGenR 1.4(a)(4) the cases have all been assigned to District Judge John M. Gerrard for disposition, and to the undersigned for judicial supervision.

Motions to consolidate and motions to appoint interim lead counsel in the related cases are currently pending. As explained below, the parties submitted sufficient information for the court to grant the motions to consolidate and to appoint lead counsel on behalf of the putative class. As such, the hearing on the pending motions will be canceled.

I.  Background

On December 13, 2022, Lowey Dannenberg, P.C. and Silver Golub & Teitell LLP Law Firms (collectively, "Lowey/SGT") filed a motion and brief in Spearman requesting consolidation of the related cases against Nelnet Servicing, LLC, and the appointment of their firms as interim co-lead class counsel on behalf of the proposed class. (4:22cv3191, Filing No. 34)

The court set a motion and briefing schedule for any party to state their position regarding the potential consolidation of the pending cases and allowing any counsel to file competing motions to appoint counsel. (See 4:22cv3191 Filing No. 39). The court established an email group consisting of all counsel who had appeared on behalf of any party in the above-referenced cases to ensure each attorney received notice of all filings in any of the above cases, and the order was filed in each case.

A. Motion to Consolidate

Plaintiffs in the Spearman and Bump actions moved under 28 U.S.C. § 1407 to centralize this litigation in the District of Nebraska as a Multi-District Litigation. The Judicial Panel on Multidistrict Litigation ("JPML") concluded that centralization was "not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation." (4:22cv3191 Filing No. 37). The panel found that while there was no dispute that the actions involved common

2

questions of fact arising from the alleged data breach of Nelnet, centralization under Section 1407 was not appropriate where all cases could proceed in a single forum via Section 1404 case transfers, as well as voluntary cooperation and coordination among the parties and the involved courts to avoid duplicative discovery or inconsistent rulings. (Id.) The JPML denied the motion to consolidate under section 1407, and the related federal actions pending outside of the district were transferred to this district.

Plaintiffs in Spearman v. Nelnet Servicing, LLC (4:22cv3191, Filing No. 34), Herrick v. Nelnet Servicing, LLC (4:22cv3181 Filing No. 25), and Freeland v. Nelnet Servicing, LLC (4:22cv3211 Filing No. 32), have each filed motions to consolidate the cases filed against Nelnet Servicing, LLC. Defendant Nelnet is not opposed to consolidation (22cv3191, Filing No. 40).

Defendant Edfinancial Services, LLC ("Edfinancial") has requested that the two cases against it—8:22cv413 Quinn v. Edfinancial Services, LLC et al and 4:22cv3267 Kohrell v. Nelnet Servicing, LLC et al—not be consolidated. (8:22cv413, Filing No. 48, 4:22cv3267, Filing No. 68). In the alternative, if Quinn and Kohrell are consolidated and Edfinancial is named in any consolidated complaint, Edfinancial requests the opportunity to brief a motion to stay the claims against Edfinancial until the claims against Nelnet are resolved.

B. Motions to Appoint Counsel

Lowey/SGT's motion to be appointed as lead counsel was filed in 4:22cv3191 Spearman et al v. Nelnet Servicing, LLC (Filing No. 34) on behalf of the eight (8) plaintiffs named in Spearman; ten (10) plaintiffs named in 4:22cv3204 Bump et al v. Nelnet Servicing, LLC; and five (5) plaintiffs named in 4:22cv3259 Scott et al v. Nelnet Servicing, LLC.

3

On January 3, 2023, three law firms—Milberg Coleman Bryson Phillips Grossman LLC ("Milberg"), Morgan & Morgan, P.A. ("Morgan"), and Stueve Siegel Hanson LLP ("Stueve")—representing a named plaintiff in 4:22cv3181 Herrick v. Nelnet Servicing, LLC; 4:22cv3184 Carlson v. Nelnet Servicing, LLC; and 4:22cv3211 Freeland v. Nelnet Loan Servicing, LLC, respectively—filed motions requesting to be appointed co-lead counsel in all of the related cases.

The motion in Herrick (4:22cv3181 Filing No. 25) was filed by Milberg attorney Gary Klinger on behalf of Plaintiffs Jesse Herrick (22cv3181), Carey Ballard (4:22cv3185), Amanda Beasley (4:22cv3187), Jennifer Hegarty (4:22cv3186), and Barbara Miller (4:22cv3193). Milberg moves to be appointed interim co-lead counsel with the Morgan and Stueve firms. In Carlson, (22cv3184 Filing No. 24), and Freeland (22cv3211 Filing No. 31), the Morgan and Stueve firms assert the appointment of Milberg/Morgan/Stueve as a co-lead counsel group would best serve the interest of the class and provide the class the "best representation." See Fed. R. Civ. P. 23(g). In addition to the plaintiffs they represent, these attorneys allege they have the support of counsel for Plaintiffs in 22cv3188 Varlotta v. Nelnet Servicing, LLC; 4:22cv3189 Hollenkamp v. Nelnet Servicing, LLC; 4:22cv3197 Freeman v. Nelnet Servicing, LLC; 4:22cv3203 Sayers v. Nelnet Servicing, LLC; 4:22cv3209 Gamen v. Nelnet Servicing, LLC; 4:22cv3241 Kitzler v. Nelnet Loan Servicing, LLC; 8:22cv413 Quinn v. Edfinancial Services, LLC et al; 4:22cv3227 Eichenblatt v. Nelnet Loan Servicing, LLC; and 4:22cv3196 Joaquin-Torres v. Nelnet Servicing, LLC. Milberg later filed notice that the Milberg/Morgan/Stueve group had also secured support from counsel for the plaintiff in 4:22cv3267 Kohrell v. Nelnet Servicing, LLC, et al. (Filing No. 67).

On January 3, 2023, counsel in 4:22cv3194, Simmons v. Nelnet Servicing, LLC and 4:22cv3207, Cordaro v. Nelnet Servicing, LLC, moved for appointment of counsel. Attorneys Matthew B. George of Kaplan Fox & Kilsheimer LLP ("Kaplan

4

Fox") and Danielle L. Perry of Mason LLP (collectively "Kaplan/Mason") request to be co-lead counsel representing the proposed class or to be part of the executive committee representing the proposed class. (4:22cv3194 Filing No. 23).

To summarize, the current representation groupings are:[1]

| Attorney group | Case # | Case Name | # of named plaintiffs |
|---|---|---|---|
| Lowey/SGT<br><br>Lowey Dannenberg, P.C.<br>Silver Golub & Teitell LLP | 4:22cv3191 | Spearman et al v. Nelnet Servicing, LLC (filed September 7, 2022) | 8 |
| | 4:22cv3204 | Bump et al v. Nelnet Servicing, LLC | 10 |
| | 4:22cv3259 | Scott et al v. Nelnet Servicing, LLC. | 5 |
| | | Named plaintiff total | 23 |
| Milberg/Morgan/Stueve<br><br>Milberg Coleman Bryson Phillips Grossman LLC (Gary Klinger)<br><br>Morgan & Morgan, P.A.<br><br>Stueve Siegel Hanson | 4:22cv3181 | Herrick v. Nelnet Servicing, LLC (filed August 30, 2023) | 1 |
| | 4:22cv3184 | Carlson v. Nelnet Servicing, LLC | 1 |
| | 4:22cv3185 | Ballard v. Nelnet Servicing, LLC | 1 |
| | 4:22cv3186 | Hegarty v. Nelnet Servicing, LLC | 1 |
| | 4:22cv3187 | Beasley v. Nelnet Servicing, LLC | 1 |
| | 4:22cv3188 | Varlotta v. Nelnet Servicing, LLC | 1 |
| | 4:22cv3189 | Hollenkamp v. Nelnet Servicing, LLC | 1 |
| | 4:22cv3193 | Miller v. Nelnet Servicing, LLC | 1 |
| | 4:22cv3196 | Joaquin-Torres v. Nelnet Servicing, LLC. | 1 |
| | 4:22cv3197 | Freeman v. Nelnet Servicing, LLC | 2 |
| | 4:22cv3203 | Sayers v. Nelnet Servicing, LLC | 2 |
| | 4:22cv3209 | Gamen v. Nelnet Servicing, LLC | 1 |
| | 4:22cv3211 | Freeland v. Nelnet Loan Servicing, LLC | 1 |
| | 4:22cv3227 | Eichenblatt v. Nelnet Loan Servicing, LLC | 1 |
| | 4:22cv3241 | Kitzler v. Nelnet Loan Servicing, LLC | 1 |
| | 4:22cv3267 | Kohrell v. Nelnet Servicing, LLC, et al.[2] | 1 |
| | 8:22cv413 | Quinn v. EdFinancial Services, LLC et al[2] | 1 |
| | | Named plaintiff total | 19 |
| Kaplan/Mason<br><br>Kaplan Fox & Kilsheimer LLP (Matthew B. George)<br><br>Mason LLP (Danielle L. Perry) | 4:22cv3194 | Simmons v. Nelnet Servicing, LLC (filed September 8, 2022) | 1 |
| | 4:22cv3207 | Cordaro v. Nelnet Servicing, LLC | 1 |
| | | Named plaintiff total | 2 |

---

[1] Plaintiff in 4:22cv3195 Bird v. Nelnet Servicing, LLC has taken no position regarding consolidation or the appointment of interim lead counsel.
[2] These cases name both Nelnet Loan Servicing, LLC and Edfinancial Services, LLC as defendants.

5

II. Analysis

A. Motions to Consolidate

Federal Rule of Civil Procedure 42 governs consolidation of separate actions and provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42. "Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration." UNeMed Corp. v. ProMera Health, LLC, No. 8:15CV135, 2016 WL 1259387, at *2 (D. Neb. Mar. 30, 2016), citing 9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2383 (2d ed. 1994).

"The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." Id. Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court. United States Envtl. Prot. Agency v. Green Forest, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The "court [must] weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause ...." Wright & Miller § 2383 Consolidation—Discretion of Court, 9A Fed. Prac. & Proc. Civ. § 2383 (3d ed., 2022). "[D]istrict courts generally take a favorable view of consolidation ...." Id. Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." Wright & Miller § 2384 Consolidation—Particular Cases, 9A Fed. Prac. & Proc. Civ. § 2384 (3d ed., 2022). However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." EEOC v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998).

The plaintiffs and Nelnet, as well as the JPML panel, agree that the above-captioned cases share common issues of law and fact. Upon review of the cases, this court is also convinced that these actions involve common questions of law and fact arising from the same set of facts surrounding Defendant Nelnet Servicing, LLC's alleged failure to properly secure, safeguard, and protect the personally identifiable information (including names, addresses, email addresses, phone numbers, and Social Security numbers) of the Nelnet student loan borrowers. And the plaintiffs claim their personal information was released during the same alleged data breach. Due to the similarity of the claims, the parties will likely serve similar discovery and present similar motions and arguments. Consolidation will avoid duplicative parallel activities, save time, avoid the risk of inconsistent rulings, and be more cost-effective. The motions to consolidate filed in Spearman (Filing No. 34), Herrick (Filing No. 25), and Freeland (Filing No. 32), will be granted and all of the cases listed in the caption of this order will be consolidated.

The court notes that even though Edfinancial Services, LLC is a named defendant in only two of the pending actions, each of the cases will be consolidated and Edfinancial will be given the opportunity to either respond to the plaintiffs' claims or request a stay of the claims against it until the claims against Nelnet Servicing, LLC are resolved. See UNeMed Corp. v. ProMera Health, LLC, No. 8:15CV135, 2016 WL 1259387, at *3 (D. Neb. Mar. 30, 2016) (consolidating actions involving common questions of law and fact, even though one action involved two parties and the other involved four parties).

B. Motion To Appoint Counsel

Federal Rule of Civil Procedure 23 provides "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "If more than one

7

adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Rule 23(g)(3) provides no criteria for selecting interim counsel, but this court has found that "the same factors governing the appointment of class counsel apply when appointing interim class counsel." Klug v. Watts Regul. Co., No. 8:15CV61, 2015 WL 13893248, at *1–2 (D. Neb. July 31, 2015), citing Brown v. Access Midstream Partners, L.P., No. CIV.A. 3:14-0591, 2015 WL 1471598, at *3 (M.D. Pa. Mar. 31, 2015) (same), In re Navistar Maxxforce Engines Mktg., Sales Practices & Products Liab. Litig., No. 14-CV-10318, 2015 WL 1216318, at *1 (N.D. Ill. Mar. 5, 2015)(same), Crocker v. KV Pharm. Co., No. 4:09-CV-198 (CEJ), 2009 WL 1297684, at *1 (E.D. Mo. May 7, 2009) (same).

Rule 23(g)(1)(A), which addresses the appointment of class counsel, provides:

In appointing class counsel, the court must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

The Manual for Complex Litigation provides that the court should "ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Coordination in Multiparty Litigation—Lead/Liaison Counsel and Committees, Ann. Manual Complex Lit. § 10.22 (4th ed.) "Counsel designated by the court also assume a responsibility to the court and an obligation

to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." Id.

All of the attorneys who have requested appointment as co-lead counsel have provided documentation of their qualifications. Each has knowledge of the applicable law, experience in managing and prosecuting cases involving data security and privacy, notable wins against large corporate defendants, and resources they are willing to expend to litigate these cases.

Both Lowey/SGT and Milberg/Morgan/Stueve have contributed to the litigation thus far, investigating the claims and attempting to consolidate the various cases. Lowey/SGT was the first attorney group to file a motion to consolidate these actions and to be appointed as counsel for the putative class. Lowey/SGT also filed an MDL application under 28 U.S.C. § 1407 to centralize this litigation in Nebraska. This application was denied on December 13, 2022. The Lowey/SGT group filed their motion to consolidate/appoint counsel on December 13, 2022, the same day the JPML application was denied. (22cv3191, Filing No. 34, Filing No. 35, Filing No. 37).

Milberg/Morgan/Stueve assert that they opposed the JPML filing as premature, inefficient, and interfering with the informal consolidation already underway. They assert they attempted to build a consensus among the plaintiffs in the other pending cases and have, in fact, secured the support of the named plaintiffs in 17 of the 23 pending cases. Milberg filed a case against Nelnet (4:22cv3181 Herrick v. Nelnet Servicing, LLC, filed August 30, 2022) eight days before Lowey/SGT filed its first case (4:22cv3191 Spearman et al v. Nelnet Servicing, LLC, filed September 7, 2022). Milberg asserts it began investigating the data breach and the potential suit against Nelnet two weeks before it was publicly announced. (22cv3181 Filing No. 25 at CM/ECF p. 23).

Milberg/Morgan/Stueve assert their efforts to informally consolidate were instrumental in the voluntary transfer of the cases filed outside of this district to Nebraska. (See Quinn, Kitzler, Eichenblatt, and Kohrell).

Milberg/Morgan/Stueve asserts they have worked with counsel for Defendant to explore a mediated resolution of the litigation. While they were unable to reach an agreement, they assert the "deep experience negotiating with Defendant" makes them best situated to lead future settlement discussions on behalf of the proposed classes. (22cv3181 Filing No. 25 at CM/ECF p. 23). In contrast, the Lowey/SGT group asserts Milberg/Morgan/Stueve attempted mediation in November 2022 without notifying or including all counsel for plaintiffs, and without disclosing the mediation to this court or to the JPML at the December 1, 2022 hearing. Lowey/SGT asserts the Milberg/Morgan/Stueve group accepted Defendant's pre-mediation documents in lieu of discovery and attempted to settle quickly with friendly defense counsel, which is not in the best interests of the class as a whole. (see 22cv3191, Filing No. 41), citing 21.11. Initial Case-Management Orders, Ann. Manual Complex Lit. § 21.11 (4th ed.) ("designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.") Lowey/SGT asserts the three-firm leadership structure proposed by Milberg/Morgan/Stueve proposes a "*full employment program* for plaintiffs' lawyers – a bloated leadership structure with three firms 'herding cats' and twenty-one other firms expecting a piece of the pie." (22cv3191, Filing No. 41, emphasis in original).

In addition to the factors listed in Fed. R. Civ. P. 23(g), the Milberg/Morgan/Stueve group asks the court to consider additional factors,

10

including the number of plaintiffs supporting their application and the fact that they were the first to file a lawsuit related to the data breach.

Milberg/Morgan/Stueve urges the court to appoint it as interim class counsel because, *inter alia,* it has secured the support of the plaintiffs in 17 of the 23 lawsuits.[4] While the court takes this into consideration, the appointment of counsel is "not supposed to be a popularity contest." In re Shop-Vac Mktg. & Sales Pracs. Litig., No. 4:12-MD-2380, 2013 WL 183855, at *3 (M.D. Pa. Jan. 17, 2013). Further, while Milberg/Morgan/Stueve have the support of plaintiffs in more cases, Lowey/SGT have the support of the majority of the individual plaintiffs.

Milberg's motion in Herrick also suggests that, if all other factors are equal, the Milberg/Morgan/Stueve group should receive some deference because counsel was the first to file an action against Defendant Nelnet related to the alleged data breach. Upon review of the cases cited in Herrick's briefing, the "first-to-file" can be a relevant factor when the Rule 23(g) factors do not tilt in either direction and there is a need for an objective tiebreaker. See Michelle v. Arctic Zero, Inc., 2013 WL 791145, at *2 n.3 (S.D. Cal. Mar. 1, 2013), citing Richey v. Ells, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013) (finding that where all of the law firms were more than qualified to handle the action and had adequate resources to pursue the litigation, counsel for the plaintiff who was the first to file his case was appointed as lead counsel for the consolidated action), *compare*, Nowak v. Ford Motor Co., 240 F.R.D. 355, 365 (E.D.Mich.2006) ("first to file" by

---

[4] Lowey/SGT urges the court to consider the potential motivation of Plaintiff's counsel in supporting the Milberg/Morgan/Stueve group (i.e. the potential promise of work to the supporting firms, which could lead to "duplicative and unnecessary work product, unnecessary billing and inflated lodestars.")(4:22cv3191 Filing No. 35 at CM/ECF p. 30; Filing No. 41 at CM/ECF p. 12). The court gives due consideration to the preferences expressed by the parties themselves, through their counsel. "Absent persuasive evidence to the contrary, the court assumes that nominations and votes for lead counsel are made in good faith for the reasons that benefit the client." In re Aluminum Phosphide Antitrust Litig., No. CIV. A. 93-2452-KHV, 1994 WL 481847, at *7 (D. Kan. May 17, 1994).

11

itself has little to do with who is best qualified to lead the case in case where the balance tipped in favor of a particular firm). See, also, Steele v. United States, 2015 WL 4121607, at *4 n. 2 (D.D.C. June 30, 2015) (holding that the Rule 23 factors favored Motley Rice, and noting, in Footnote 2 that "[S]ince both groups are more than qualified to handle this action, it would be imminently reasonable to select the Motley Rice Group on the basis that their complaint was filed first.").

The court has considered the consensus the Milberg/Morgan/Stueve group has built among the other plaintiffs and plaintiffs' counsel and the fact that Milberg filed the first case. The number of plaintiffs supporting the appointment of a particular law firm, and which firm was the "first to file," are factors considered by the courts when appointing interim class counsel, but neither factor is a dispositive under the rules.

Lowey/SGT and Milberg/Morgan/Stueve each have the support of approximately half of the putative class, with the Milberg firm filing the first lawsuit. However, Lowey/SGT consolidated their efforts and their named plaintiffs from the outset of this case, thereby allowing Lowey/SGT to represent 23 named plaintiffs in three complaints (8 in Spearman, 10 in Bump, and 5 in Scott) rather than 19 named plaintiffs in 17 lawsuits. The pre-litigation planning by Lowey and SGT likely explains why it took them eight days longer to file a lawsuit. But it also exemplifies a commitment to limiting duplicative filings and work, resulting in less expense and delay for the named plaintiffs, the putative class members, the defendants, and the court.[5]

---

5   In contrast to Lowey's and SGT's demonstrated ability to work cooperatively in producing litigation filings, in Herrick, Carlson, and Freeland, the Milberg, Morgan, and Stueve firms each filed briefs seeking consolidation and appointment of counsel as co-leads, with each firm's brief touting their own firm's qualifications. If these firms are indeed committed to streamlining litigation

In addition, the court "must balance desire to create a 'dream team' with several co-lead firms against the competing considerations of efficiency and economy." In re Crude Oil Commodity Futures Litig., No. 11 CIV. 3600 WHP, 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012). The court in In re Crude Oil reasoned that while the attorneys applying for interim class counsel had impressive resumes and considerable experience handling complex class litigation, committees of counsel can lead to increased costs and unnecessary duplication of efforts.[6] It ultimately found that in the preliminary stages of litigation, a leadership structure consisting of two co-lead counsel would be sufficient to address the complexities that may arise, while keeping unnecessary costs to a minimum. Id.

Lowey/SGT has staff available to handle a consolidated case of this magnitude and offers an in-house e-discovery infrastructure and proprietary algorithms to speed discovery and protect sensitive data. (4:22cv3191 Spearman Filing No. 35 at CM/ECF p. 28). Conducting discovery in-house will undoubtedly reduce or prevent the duplication of efforts among counsel and result in a cost-savings. Lowey/SGT states that it has the staff and resources to do all work in this matter on behalf of plaintiffs.

In contrast, Milberg asserts "Work assignments have been, and will continue to be, allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating duplicity." The emphasis in the division of labor should

---

on behalf of the plaintiffs, they could have collaborated and filed the same motion and brief in each of the three cases (Herrick, Carlson, and Freeland).

[6] See John C. Coffee, The Regulation of Entrepreneurial Litigation: Balancing Fairness and Efficiency in the Large Class Action, 54 U. Chi. L.Rev. 877, 908 (1987) (observing that self selection of a committee of class counsel is often the result of a "political compromise," the price of which is overstaffing); see also Manual for Complex Litig., § 10.221 (4th ed. 2004) ("Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making.").

not be on fairness to counsel, but on what best serves the plaintiffs. Milberg asserts the co-lead counsel will establish a standard protocol for managing and reporting time and expenses (Filing No. 25 at CM/ECF p. 24), while the Morgan motion offers a proposed protocol, suggesting that these parties have not *jointly* discussed or reviewed the proposed protocol. (Filing No. 24-1 at CM/ECF p. 2). Further, the proposed protocol offered by Morgan in Carlson includes a clause regarding the potential need to hire contract attorneys, suggesting that even with hundreds of attorneys in their collective firms, the proposed leadership may need to enlist the help of additional outside counsel to fully meet the needs of the case. (4:22cv3184 Carlson, Filing No. 24-1 at CM/ECF p. 3).

Upon review, the court finds that the proposed leadership structure of three larger firms collaborating as the co-lead counsel is not in the best interests of the putative class because it will undoubtedly lead to expensive and duplicative efforts among the attorney group. Applying the Rule 23(g) factors here, and considering the law firms' respective expertise, organization and leadership ability, the court finds that as between Lowey/SGT and Milberg/Morgan/Stueve, the balance tilts in favor of the Lowey/SGT group as the best choice for representing the interests of all of putative class members.

The remaining question is whether Kaplan/Mason would be better than Lowey/SGT in representing the putative class members. Kaplan/Mason's motion and brief assert that their attorneys are qualified to be co-lead counsel for all of the above-captioned cases. Or, if a different attorney group is chosen, Kaplan/Mason asserts it should be given a place on the executive committee to add diversity of representation to the leadership slates. The Kaplan/Mason filing does not include an argument regarding the work they have contributed to the litigation thus far, and they represent only two of the 43 total named plaintiffs in the related cases. While the Kaplan and Mason firms have experience in this type of litigation, their main

argument is related to diversity and inclusion initiatives rather than the substance of the claims on behalf of the putative class. The Kaplan/Mason attorneys do not have the strongest case for appointment as co-lead counsel under Rule 23, and adding two additional firms to an already large slate of available attorneys purely to promote diversity of counsel representation is not in the best interests of the putative class. The Kaplan/Mason motion will be denied.

### C. Motion for Leave to File a Consolidated Complaint

Lowey/SGT request the court set a schedule for the consolidated plaintiffs to file a Consolidated Complaint and for Defendants to respond. Lowey/SGT propose:

> Plaintiffs filing a Consolidated Complaint within thirty (30) days from the consolidation order. Defendants will then have thirty (30) days from the date on which Plaintiffs file their Consolidated Complaint to file a response thereto. In the event that Defendants' response is a motion to dismiss, Plaintiffs will have twenty-one (21) days to file their opposition brief, and Defendants will have fifteen (15) days to file their reply brief.

(4:22cv3191, Filing No. 35 at CM/ECF p. 32)

The court will enter a proposed briefing schedule similar to Lowey/SGT's proposal. In addition, if Edfinancial Services, LLC ("Edfinancial") is named as a defendant in the proposed consolidated complaint, the court will set a deadline for Edfinancial to meet and confer with interim class counsel[7] and either file a response to the motion or a motion to stay the claims against it pending the resolution of the claims against Nelnet Servicing, LLC.

---

[7] Requested in 4:22cv3267 Kohrell Filing No. 68 at CM/ECF p. 5, and 8:22cv413 Quinn Filing No. 48 at CM/ECF p. 2

IT IS ORDERED:

1) The court finds the parties' written submissions are sufficient to decide the issues of consolidation and appointment of interim lead counsel. Therefore, the hearing on those issues scheduled for January 31, 2023 is cancelled.

2) The motions to consolidate are granted and the cases listed in the caption of this order are consolidated. (See Spearman v. Nelnet Servicing, LLC (4:22cv3191, Filing No. 34), Herrick v. Nelnet Servicing, LLC (4:22cv3181 Filing No. 25, granted as to the consolidation portion of the motion), and Freeland v. Nelnet Servicing, LLC (4:22cv3211 Filing No. 32)).

3) As to the motions to appoint counsel:

    a) The motion to appoint counsel in Spearman is granted. (4:22cv3191, Filing No. 34) The Spearman case is designated as the Lead Case and all other cases listed in the caption are designated as a "Member Case."

    b) The motions to appoint counsel filed in Herrick (4:22cv3181 Filing No. 25), Carlson (22cv3184 Filing No. 24), and Freeland (22cv3211 Filing No. 31) are denied.

    c) The motion to appoint counsel filed in Simmons (4:22cv3194 Filing No. 23) is denied.

4) As to the Plaintiffs' anticipated motion to file a consolidated amended complaint:

    a) Lowey/SGT shall file any such motion on or before March 3, 2023. If the motion is unopposed, the motion shall so state. See NECivR 15.1(a).

    b) If the motion is opposed, within 30 days after it is filed:

        ii. Defendant Nelnet Servicing, LLC's shall file its response to Plaintiffs' motion; and

        iii. If Defendant Edfinancial Services, LLC is named in the proposed consolidated amended complaint, it shall either file a response to

> Plaintiffs' motion or a motion to stay the proposed claims against it until the claims against Nelnet Servicing, LLC are resolved.
>
> c) Any reply shall be filed within 15 days after Defendant(s) file a response to Plaintiffs' motion.

5) The court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, the parties are instructed to file all further documents (except as described below in subsections a) and b) of this paragraph) in the Lead Case, No. 4:22cv3191 <u>Spearman et al v. Nelnet Servicing, LLC</u> and to select the option "yes" in response to the System's question whether to spread the text.

   a) The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; to file items related to service of process; or to file notices of appeal. Attempting to do so will cause a system error, and therefore these documents must be separately filed in each of the lead and member cases. So, when filing such documents, Plaintiffs' interim lead counsel and defense counsel may either file the document (e.g., Plaintiff's consolidated amended complaint, Defendant's answer), in each case, or file the document in <u>Spearman</u> and ask the court to then file it in all member cases.

   b) If a party believes that a document in addition to those described in subparagraph a) above should not be filed in all of these consolidated cases, the party must move for permission to file the document in a limited number of the cases. The motion must be filed in each of the consolidated cases using the spread text feature.

Dated this 30th day of January, 2023.

                                          BY THE COURT:

                                          *s/ Cheryl R. Zwart*
                                          United States Magistrate Judge