IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY QUINN, individually, and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EDFINANCIAL SERVICES, LLC and NELNET SERVICING, LLC,<br><br>　　　　Defendants. | Case No. 8:22-cv-00413-JMG-CRZ |
| GARNER J. KOHRELL, individually, and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NELNET SERVICING, LLC, and EDFINANCIAL SERVICES, LLC,<br><br>　　　　Defendants. | Case No. 4:22-cv-03267-JMG-CRZ |

**DEFENDANT EDFINANCIAL SERVICES, LLC'S POSITION REGARDING CONSOLIDATION AND APPOINTMENT OF INTERIM LEAD COUNSEL**

Defendant Edfinancial Services, LLC ("Edfinancial") submits this Position Brief Regarding Consolidation and Appointment of Interim Lead Counsel in response to the motions filed by Plaintiffs Anthony Quinn and Garner Kohrell in the above-captioned actions (the "*Quinn* Action" and the "*Kohrell* Action," respectively) in support of appointment of Milberg Coleman Bryson Phillips Grossman LLC, Morgan & Morgan Complex Litigation Group, and Stueve Siegel Hanson LLP as interim co-lead counsel and in support of consolidation of the 23 related actions involving Defendant Nelnet Servicing, LLC ("Nelnet"), captioned *In re: Data Security Cases*

*against Nelnet Servicing, LLC*, Case No. 8:22-cv-00413-JMG-CRZ, et al. (the "*Nelnet* Actions"). [*See Quinn* Action, Case No. 8:22-cv-00413-JMG-CRZ, Dkt. No. 46; *Kohrell* Action, Case No. 4:22-cv-03267-JMG-CRZ, Dkt. No. 67.]

Specifically, Edfinancial opposes consolidation of just the *Quinn* Action and *Kohrell* Action where it is named as a defendant and requests that those two cases be stayed pending resolution of the other 21 *Nelnet* Actions naming only Nelnet as a defendant. Alternatively, if the Court is inclined to consolidate all 23 *Nelnet* Actions, including the *Quinn* and *Kohrell* Actions naming Edfinancial as a defendant, and if Edfinancial is ultimately named as a defendant in any amended consolidated complaint, Edfinancial requests that the Court allow briefing on Edfinancial's request to stay the claims against it until resolution of the claims against Nelnet. Edfinancial takes no position on leadership.

**I.     BACKGROUND**

Edfinancial is a student loan service provider that provides student loan services for fifteen of the top one hundred lenders in the United States, including regional and national banks, secondary markets, state agencies, and other student loan providers. As alleged in the *Quinn* and *Kohrell* Complaints (collectively, the "Complaints,"), co-Defendant Nelnet, also a student loan service provider, contracted with Edfinancial to provide Edfinancial's servicing system and customer website portal. [*See, e.g.*, *Quinn* Compl., Dkt. No .1, ¶ 2 ("Nelnet, a student loan servicer, provided services to [Edfinancial], to assist [Edfinancial] in servicing student loans."); *Kohrell* Compl., Dkt. No. 1, ¶¶ 5, 7, 21 ("Edfinancial is a student loan servicing company that uses Nelnet, a different student loan servicing company, as its servicing system and customer website portal provider.").] Specifically, Nelnet is alleged to host public-facing registration web portals for Edfinancial, which grants users access to student loan accounts of Edfinancial borrowers. [*Quinn* Compl., ¶ 3; *Kohrell* Compl., ¶ 7.]

As alleged in the Complaints, in August 2022, Nelnet suffered a data incident during which an unauthorized third-party infiltrated a portion of Nelnet's system and allegedly accessed personal and private information of hundreds of thousands of individuals, including student loan borrowers affiliated with certain Nelnet clients like Edfinancial (the "Nelnet Data Incident"). [*Quinn* Compl., ¶¶ 1-3; *Kohrell* Compl., ¶¶ 1-4.] Nelnet reported the Nelnet Data Incident to Edfinancial and Oklahoma Student Loan Authority, another student loan servicer, and informed them both that they had been victimized *vis à vis* the Nelnet Data Incident perpetrated on Nelnet. [*Quinn* Compl., ¶¶ 3, 28.] Thereafter, Edfinancial was required to send notification letters to certain of its student loan borrowers, including, allegedly, Plaintiff Quinn,[1] informing them that their information may have been impacted in the Nelnet Data Incident. [*Quinn* Compl., ¶¶ 3, 28.] In short, Edfinancial's customers' data was impacted in the Nelnet Data Incident.

Importantly, none of the Complaints make one allegation that Edfinancial's systems were impacted in the Nelnet Data Incident or that Edfinancial did anything at all to cause the Nelnet Data Incident or allow the Nelnet Data Incident to occur. [*Quinn* Compl., ¶ 3 ("Defendants became aware that *a group of cybercriminals had accessed Defendant Nelnet's accounts on its computer systems,* compromising information held by [Edfinancial] as well as another student loan service, Oklahoma Student Loan Authority.") (emphasis added); *Kohrell* Compl., ¶ 3 ("Nelnet notified state Attorney Generals about [the Nelnet Data Incident] . . . [and] explained in the required notice letter that it discovered *an unauthorized third-party gained access to a portion of Nelnet's system*.") (emphasis added).] Nevertheless, Edfinancial has been named in two lawsuits against

---

[1] Plaintiff Kohrell specifically states that he received a "Notice of Security Incident" from Edfinancial dated August 26, 2022. [*Kohrell* Compl., ¶ 13.] Plaintiff Quinn does not allege that he received a letter from Edfinancial or Nelnet notifying him of the Nelnet Data Incident. [*See generally Quinn* Compl.] Rather, he alleges that his information was impacted in the Nelnet Data Incident and that "[o]n information and belief, even though millions of consumers have had their personal data breached due to Defendants' actions and inactions, Defendants have not specifically provided notice to all of these consumers." [*See id.* at ¶¶ 1, 5, 6, 29.]

3

Nelnet: (1) the *Quinn* Action, originally filed in Illinois state court, and (2) the *Kohrell* Action, commenced in federal court in Tennessee.

The *Quinn* and *Kohrell* Actions have now been transferred to this District and designated as related actions to the *Nelnet* Actions, along with 21 other cases naming only Nelnet. This Court has ordered any party opposing motions for consolidation file responses by no later than January 17. [*See In re: Data Sec. Cases against Nelnet Serv., LLC*, Case No. 4:22-cv-03267-JMG-CRZ, Dkt. No. 45.] This has placed Edfinancial in a challenging spot and in the unenviable position of having to brief issues to this Court that could be entirely speculative at this time. For example, neither counsel for the *Quinn* or *Kohrell* Actions have sought appointment of interim class counsel; thus, it is entirely possible that whoever is appointed interim lead counsel will decide not to even name Edfinancial in any amended consolidated complaint because none of the candidates for interim lead counsel originally sued Edfinancial. Indeed, Edfinancial tried to meet and confer with all three proposed interim leadership on these issues prior to filing this brief; one did not respond and the other two believed it was premature for them to make binding decisions on this issue. Thus, depending on which counsel the Court appoints as interim lead counsel, it is entirely possible that Edfinancial will not be named a defendant at all or the parties could agree to stipulate to stay the claims against Edfinancial until the claims against Nelnet are resolved.

Ultimately, although Edfinancial would like to promote and facilitate the efficient resolution of claims related to the Nelnet Data Incident against Nelnet, Edfinancial opposes consolidation of the *Quinn* and *Kohrell* Actions. Edfinancial respectfully requests that the Court deny consolidation of the *Kohrell* and *Quinn* Actions and stay those cases pending resolution of the soon-to-be consolidated remaining 21 *Nelnet* Actions. Alternatively, if the Court is inclined to consolidate the *Quinn* and *Kohrell* Actions, and if Edfinancial is named a defendant in any

amended consolidated complaint, Edfinancial requests permission to meet and confer with appointed interim lead counsel, and if meet and confers are unsuccessful, permission to file a motion to stay the claims against it within thirty (30) days after any amended consolidated complaint is filed naming Edfinancial.

**II.      EDFINANCIAL OPPOSES CONSOLIDATION OF THE *QUINN* AND *KOHRELL* ACTIONS AND REQUESTS THAT THOSE ACTIONS BE STAYED**

The Court has "broad discretion" to decide whether actions involving common questions of law or fact should be consolidated under Federal Rule of Civil Procedure 42. *Cisler v. Paul A. Willsie Co.*, Nos. 8:09CV364, 8:09CV365, 8:09CV366, 2010 WL 3237222, at *2 (D. Neb. Aug. 13, 2010). The decision whether to consolidate "inevitably is contextual" and involves weighing "the saving of time and effort that would result from consolidation and inconvenience, expense, or delay that it might cause." *Id.* (citation omitted). "Consolidation of cases is inappropriate if it leads to inefficiency, inconvenience, or unfair prejudice to a party.'" *Fornari v. Guillen*, 4:19-CV-3030, 8:19-CV-565, 2021 WL 5639261, at *2 (D. Neb. Dec. 1, 2021) (citing *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998)). Consolidation may also be inappropriate where a duplicative action is filed for a "tactical purpose," and where the prior litigation adequately protects the rights of the litigants in the second case. *See, e.g., Leftwich v. Cty. of South Dakota*, Civ. No. 18-1144 (JNE/BRT), Civ. No. 19-393 (JNE/BRT), 2019 WL 13241669, at *3–4 (D. Minn. May 29, 2019) (denying plaintiff's motion to consolidate second, duplicative action with first because even though there "c[ould] be little doubt that both cases ar[o]se from a common nucleus of operative fact," plaintiff's filing of the second suit was a clear "tactical" move to expand his procedural rights by adding different legal theories, additional allegations, and a handful of new defendants in the second action after the court had denied his request to amend his complaint in the first action).

Courts likewise have "broad discretion" to stay actions on their docket. *Cybertek, Inc. v. Bentley Sys., Inc.*, 182 F. Supp. 2d 864, 872 (D. Neb. 2002) ("[I]t is within the court's inherent power to grant a stay in order to control its docket, conserve judicial resources, and provide for a just determination of the pending cases pending before it.") (citing *Cont. N.W., Inc., v. City of Fredericksburg, Iowa*, 713 F.2d 382, 387 (8th Cir. 1983)). Courts also have "an ample degree of discretion in the decision to stay . . . a proceeding based on duplicative federal litigation," including in cases in the same court and before the same judge. *See, e.g.*, *Golden v. Stein*, Case No. 4:18-cv-00331-JAJ-CFB, Case No. 4:19-cv-83-JAJ-CFB, 2019 WL 11005236, at *5 (S.D. Iowa June 3, 2019). Like requests for consolidation, requests for stays involve weighing several factors, including, as relevant here, "(1) the plaintiffs' interest in proceeding expeditiously with litigation and the potential prejudice to the plaintiffs of a delay; (2) the burden that the proceeding will cause the defendants; [and] (3) the convenience of the court in the management of its cases and the efficient use of judicial resources." *Kozlov v. Assoc. Wholesale Grocers, Inc.*, Nos. 4:10–CV–03211, 4:10–CV–03212, 8:10–CV–03191, 2011 WL 3320972, at *2 (D. Neb. Aug. 2, 2011) (citation omitted). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Id.* (quoting *Volmar Distribs., Inc. v. N.Y. Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)).

Edfinancial cannot and does not dispute that consolidation of the 21 *Nelnet* Actions *naming only Nelnet* is desirable and will save time and effort and avoid duplicative motion practice and discovery. And Edfinancial does not wish to undermine mutual and collective, cooperative consolidation of the *Nelnet* Actions. However, consolidation of the *Quinn* and *Kohrell* Actions naming Edfinancial should be denied and those cases should be stayed based primarily on two considerations: (1) prejudice and (2) efficiency.

First, neither Plaintiff Quinn nor Plaintiff Kohrell will be prejudiced by denial of consolidation and the grant of a stay because they are putative class members in each of the 21 *Nelnet* Actions naming only Nelnet.[2] There is also complete overlap in the claims made by Plaintiffs Quinn and Kohrell and plaintiffs in the other 21 *Nelnet* Actions, including Plaintiff Quinn's state statutory claim. [*See, e.g.*, *Quinn* & *Kohrell* Compls. (stating claims for negligence, unjust enrichment, breach of express and implied contract, invasion of privacy, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois CFDBPA"), 815 Ill. Comp. Stat. §§ 510/2, *et seq*.) *with Bump, et al.* Compl. (stating claims for negligence, unjust enrichment, invasion of privacy, breach of implied contract, and violation of the Illinois CFDBPA, 815 Ill. Comp. Stat. §§ 510/2, *et seq*.) & *Sayers & Williams* Compl., Case No. 4:22-cv-03203-JMG-CRZ, Dkt. No. 1 (stating claims for negligence, unjust enrichment, breach of express and implied contract, and invasion of privacy).] Thus, Plaintiff Quinn's and Plaintiff Kohrell's positions will be adequately represented in the other 21 related *Nelnet* Actions whose resolution will resolve their duplicative class claims. *See, e.g.*, *Moser v. Benefytt, Inc*., 8 F.4th 872, 878 (9th

---

[2] Although consolidation and the filing of an amended consolidated complaint has not yet occurred, it is clear that a review of even only a handful of the complaints in the other 21 related *Nelnet* Actions seek to represent the same putative class that Plaintiff Quinn and Plaintiff Kohrell seek to represent. [*Compare, e.g.*, *Quinn* Compl., ¶ 42 (seeking to represent "[a]ll individuals whose PII was exposed while in the possession of Defendants, or any of their subsidiaries and/or agents, during the [Nelnet] Data [Incident]" and an Illinois subclass) & *Kohrell* Compl., ¶ 99 (seeking to represent a class of "[a]l persons residing in the United States whose PII was compromised in the 2022 data breach announced by Nelnet Servicing, LLC in August 2022"), *with Bump, et al.* Compl., Case No. 4:22-cv-03204-JMG-CRZ, Dkt. No. 1, ¶¶ 98, 102 (seeking to represent a nationwide class of "[a]ll persons in the United States whose personal information was compromised in the [Nelnet] Data [Incident] made public by Nelnet in August 2022" and various state-subclasses, including an Illinois subclass); *Spearman, et al.* Compl., Case No. 4:22-cv-03191-JMG-CRZ, Dkt. No. 1, ¶ 93 (seeking to represent a nationwide class of "[a]ll persons in the United States whose personal information was compromised in the Data Breach made public by Nelnet in August 2022" and various state sub-classes); *Miller* Compl., Case No. 4:22-cv-03193-JMG-CRZ, Dkt. No. 1, ¶ 61 (class defined as "[a]ll persons residing in the United States whose PII was compromised in the [Nelnet] Data [Incident] disclosed by Nelnet in August 2022"); *Simmons* Compl., Case No. 4:22-cv-03194-JMG-CRZ, Dk. No 1, ¶ 110 (defining class as "[a]ll persons whose Private Information was maintained on Defendant Nelnet's computer systems and compromised in its June-July 2022 Data [Incident]").]

Cir. 2021) (noting that putative class members "become parties to an action . . . after class certification" (internal quotation marks and citation omitted)).

Second, the only party who would be prejudiced absent a stay would be Edfinancial. As both Plaintiff Quinn and Plaintiff Kohrell admit, it is Nelnet, not Edfinancial, who was allegedly breached in the Nelnet Data Incident. [*See, e.g.*, *Quinn* Compl., ¶ 3 ("Defendants became aware that *a group of cybercriminals had accessed Defendant Nelnet's accounts on its computer systems,* compromising information held by [Edfinancial] as well as another student loan service, Oklahoma Student Loan Authority.") (emphasis added); *Kohrell* Compl., ¶ 3 ("Nelnet notified state Attorney Generals about [the Nelnet Data Incident] . . . [and] explained in the required notice letter that it discovered *an unauthorized third-party gained access to a portion of Nelnet's system*.") (emphasis added).] Thus, Edfinancial's systems and data security procedures it had in place to protect those systems are not at all relevant to the claims at issue in any of the cases. Indeed, whether Edfinancial can be liable at all for any of the "shotgun" allegations generically made against both Edfinancial and Nelnet in the *Quinn* or *Kohrell* Actions necessarily turns on a finding first that *Nelnet* is liable for any or all of the claims stated against it. In fact, it is suspected that the only reason Edfinancial was named in the *Quinn* or *Kohrell* Actions was in a failed tactical ploy to try to avoid transfer to this District. In short, there can be no dispute that Nelnet should be the main and only defendant in the *Nelnet* Actions and litigation against Edfinancial is both premature and prejudicial.

Third, the efficient use of judicial and party resources and the Court's efficient management of its cases is likewise promoted by the grant of a stay. Should consolidation be denied for these two cases and a stay granted, the parties will avoid engaging in duplicative, costly, and ultimately irrelevant discovery as to an additional defendant (Edfinancial) and the judiciary will avoid confusion of the issues that can be more efficiently resolved in focused litigation against

Nelnet only. In sum, and as required by the Court's order to take a position on consolidation by January 17, 2023, Edfinancial requests that the Court deny consolidation and grant a stay of the *Quinn* and *Kohrell* Actions.

### III. IF THE COURT GRANTS CONSOLIDATION OF THE *QUINN* AND *KOHRELL* ACTIONS, EDFINANCIAL REQUESTS THAT THE COURT PERMIT BRIEFING REGARDING EDFINANCIAL'S REQUEST FOR A STAY IF EDFINANCIAL IS NAMED IN ANY AMENDED CONSOLIDATED COMPLAINT

If the Court disagrees and grants consolidation and denies a stay of the *Quinn* and *Kohrell* Action, Edfinancial requests that the Court set a briefing schedule regarding Edfinancial's anticipated request to stay the claims against it should it be named in an amended consolidated complaint.[3] Specifically, Edfinancial requests that the Court permit Edfinancial to meet and confer with appointed interim lead counsel, and should meet and confers fail to produce a successful agreement, submit a motion to stay all claims against it no later than thirty (30) days after the filing of an amended consolidated complaint naming Edfinancial. Edfinancial's alternative request allows for the possibility of efficient and cost-effective resolution of Edfinancial's request for a stay without adversarial motion practice.

In the end, Edfinancial supports the efficient, judicious resolution of the *Nelnet* Actions, including the *Quinn* and *Kohrell* Actions. However, Edfinancial is in the difficult position of engaging in guesswork and forcing to take a position before it knows who will be appointed interim

---

[3] Although Edfinancial could request that the Court stay the *Quinn* and *Kohrell* Actions immediately after consolidation, which the Court is well within its "inherent power" to do, *see, e.g.*, *Golden v. Stein*, Case No. 4:18-cv-00331-JAJ-CFB, Case No. 4:19-cv-83-JAJ-CFB, 2019 WL 11005236, at *5 (S.D. Iowa June 3, 2019) (granting consolidation of first filed "Malpractice Action" and later, separately-filed "Attorneys' Fees Action" but staying "Attorneys' Fees Action" until resolution of the "Malpractice Action" because "[s]uch a stay w[ould] conserve judicial resources, as well as the parties' resources, by avoiding duplicative discovery, motions, and trials, all in a single forum [and] [would] also provide for a just determination of the issues in both cases, because all of those issues [wer]e already in or c[ould] be addressed in the Malpractice Action"), there is, as Edfinancial explains herein, a possibility that Edfinancial may not be named at all in a consolidated amended complaint or that leadership (once appointed) and Edfinancial may reach a joint stipulation to stay the claims against Edfinancial. Either future scenario would obviate the need for Edfinancial to move the Court to stay the claims or actions against Edfinancial.

lead counsel and whether, if at all, it will be named in any forthcoming amended consolidated complaint. Accordingly, while Edfinancial is happy to meet and confer and resolve these requests, to the extent possible, in a mutually beneficial and cooperative manner, at this juncture it must maintain its consistent position and preserve its right to request that the Court deny consolidation and instead stay the later-filed, duplicative *Quinn* and *Kohrell* Actions in which Edfinancial was named as a purely tactical measure.

## IV. CONCLUSION

Edfinancial respectfully requests that the Court deny consolidation and grant a stay of the *Quinn* and *Kohrell* Actions, or if the Court grants consolidation, delay the resolution of whether any claims against Edfinancial in any amended consolidated complaint should proceed.

DATED: January 17, 2023

**BAKER & HOSTETLER LLP**

By: */s/ Casie D. Collignon*
Casie D. Collignon
Sarah A. Ballard
1801 California Street, Suite 4400
Denver, CO 80202-2662
Tel: 303-861-0600
Fax: 303-861-7805
Email: ccollignon@bakerlaw.com
sballard@bakerlaw.com

*Attorneys for Defendant*
*Edfinancial Services, LLC*